UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ALANIZ GARCIA,<br><br>Petitioner,<br><br>v.<br><br>DAVID LONG, Warden,<br><br>Respondent. | CASE NO. ED CV 12-865 SVW (SS)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending before the Court is a petition for habeas corpus relief from a conviction in the Riverside County Superior Court under California Penal Code §§ 261(a)(2) and 288(a).

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, the records and files herein, the Report and Recommendation of the United States Magistrate Judge ("R&R"), respondent's objections, and petitioner's response thereto. Having conducted a *de novo* review of petitioner's first ground for relief in his habeas corpus petition, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge, with the exception of footnote 7 on page 32 of the R&R, for the reasons described herein.

## I. Summary of Reasons Requiring Habeas Relief

Petitioner Francisco Alaniz Garcia was interviewed while in custody by two police officers. He was first advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). When asked whether he wished to talk to the officers, Garcia responded, "No." The officers then questioned Garcia about his reasons for refusing to talk to them. Garcia initially repeated that he did not want to talk to the officers and referred to his right to remain silent, but in response to more questioning, eventually agreed to hear the officers' explanation for why they had arrested him. After further conversation during which Garcia continued to refer to his right to remain silent until he had a lawyer, Garcia agreed to talk to the officers. Garcia claims that the admission of his statements at trial, which he made only after he unambiguously conveyed his right to remain silent and the officers continued to question him, violated his rights under *Miranda*.

The resolution of Garcia's claim requires applying clearly established Supreme Court precedents to the undisputed transcript of the custodial interview. There are no factual disputes to resolve. Although a tape recording of the interview was played for the jury, neither party has argued that resolution of Garcia's claim depends in any way on questions of tone or inflection or on any other factors that might not be captured in the transcript. *Cf. Collazo v. Estelle*, 940 F.2d 411, 416 (9th Cir. 1991) (considering both tape and transcript of interview to confirm that officer's tone was "insistent").

The California Court of Appeal denied the *Miranda* claim because it concluded that Garcia's use of the word "No" in response to the officer's question, "Do you wish to talk to me?" was ambiguous. The state court gave two reasons for this conclusion. First, the state court explained that certain statements Garcia made during the booking process, before being advised of his *Miranda* rights, showed that when Garcia said "No," he "often provided additional information or changed his answer" after the detective asked him to confirm his original negative

response. Second, the state court explained that statements Garcia made later in the interview, in response to continued questioning by the officers, showed his initial answer of "No" was ambiguous.

The state court's first argument rests on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *i.e.*, the interview transcript. 28 U.S.C. § 2254(d)(2). Determining whether Garcia unambiguously invoked his *Miranda* rights requires "an objective inquiry" into the words he and the officers used. *Berghuis v. Thompkins*, 560 U.S. 370, 130 S. Ct. 2250, 2260 (2010). When Garcia expanded on his initial negative response to two of the three booking questions cited by the state court, he provided additional related information that did not contradict his original answer. (*See* R&R at 16-17 & 29 n.6.) This shows only that Garcia was prone to provide more information when prompted by the officers. Garcia's supplemental responses, viewed objectively, do not show that his use of the word "No" was ambiguous. "The state court's labeling of [Garcia's] statements as ambiguous and characterizing the officer's response as a legitimate clarifying inquiry were unreasonable determinations of fact." *Anderson v. Terhune*, 516 F.3d 781, 791 (9th Cir. 2008) (en banc); *cf. Taylor v. Maddox*, 366 F.3d 992, 1008 (9th Cir. 2004) ("Failure to consider key aspects of the record is a defect in the fact-finding process.").

The state court's second argument is "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In *Smith v. Illinois*, the Supreme Court explained that the state courts "were able to construe Smith's request for counsel as 'ambiguous' only by looking to Smith's *subsequent* responses to continued police questioning and by concluding that, 'considered in total,' Smith's '*statements*' were equivocal." *Smith v. Illinois*, 469 U.S. 91, 97 (1984) (emphasis in original) (quoting state court opinion). The Supreme Court held: "This line of analysis is unprecedented and untenable." *Id.* When an arrestee's invocation of his *Miranda* rights is

unambiguous, "all questioning must cease." *Id.* at 98.

The combination of these two errors in the California Court of Appeal's opinion "resulted in a decision that was contrary to, or involved an unreasonable application of," the *Miranda* rule. 28 U.S.C. § 2254(d)(1); *Miranda*, 384 U.S. at 473-74 ("If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease.")

## II. Citations in R&R to *Sessoms v. Runnels*

The R&R includes four citations to *Sessoms v. Runnels*, 691 F.3d 1054 (9th Cir. 2012). (*See* Dkt 12: R&R at 24, 32 n.7, 33.) As the magistrate judge noted, a petition for certiorari seeking review of *Sessoms* was pending in the United States Supreme Court at the time the R&R was issued. (Dkt 12: R&R at 24:3-5.) The Supreme Court subsequently granted the petition, vacated the judgment, and remanded the case to the Ninth Circuit for further consideration in light of *Salinas v. Texas*, 133 S. Ct. 2174 (2013). *Grounds v. Sessoms*, 133 S. Ct. 2886 (June 27, 2013).

Although there was no opinion for the Court in *Salinas*, a majority of the justices voted to affirm the decision of the Texas Court of Criminal Appeals, which rejected a challenge to a conviction based on an alleged *Miranda* violation. *Salinas* involved a petitioner who voluntarily answered a police officer's questions before being placed in custody and before receiving any *Miranda* warnings. At a certain point, however, he declined to answer a question and fell silent. He never explicitly invoked his right to remain silent or requested an attorney. The prosecution later used his silent reaction to the officer's question as evidence of his guilt. The plurality opinion concluded that the petitioner's claim failed "because he did not expressly invoke the privilege against self-incrimination in response to the officer's question." *Salinas*, 133 S. Ct. at 2178. The instant case is unlike *Salinas*, and the justices' separate opinions cast no doubt on the continuing viability of the Supreme Court authorities applying and interpreting

4

*Miranda* that form the basis of the reasoning in the R&R.

Nor does the vacation of the Ninth Circuit's opinion in *Sessoms* affect the validity of the R&R. Three of the four citations to *Sessoms* in the R&R simply include the case as additional authority stating a principle that is also clearly enunciated in a United States Supreme Court opinion. (*See* R&R at 24 & 33.) Those citations are unnecessary to the R&R. The fourth citation to *Sessoms* occurs in footnote 7 of the R&R. (R&R at 32 n.7.) The Court does not adopt footnote 7 of the R&R, and instead adopts the R&R with the following text substituted for footnote 7:

> As in *Anderson*, here the police officers' actual responses to petitioner's statement "showed that the interrogating officers did not believe that [petitioner's] statement was ambiguous." *Anderson*, 516 F.3d at 789. Detective Lenton responded to petitioner's explanation for why he was invoking his right to remain silent by acknowledging that "you don't want to talk to us because you don't know the charges," and "[y]ou just said you didn't want to talk to us because you don't know what we're gonna talk to you about." (CT 190.) He then reiterated, "You're telling [me] we can't tell you about it." (*Id.*) The officer's responses show he clearly understood petitioner had expressed a desire to remain silent. *Cf. Hurd v. Terhune*, 619 F.3d 1080, 1089 (9th Cir. 2010) ("[T]he interrogating officers' comments show that they subjectively understood Hurd's responses as unambiguous refusals.").

### III. Order

1. The petition for habeas corpus is GRANTED on the basis of Ground One.

2. Respondent shall release petitioner from custody within 90 days of the date the Judgment herein becomes final, unless the State of California grants

petitioner a new trial within 90 days of the date of this order.

    3.    The Clerk shall serve copies of this Order and the Judgment herein by United States mail on counsel for petitioner and counsel for respondent.

**IT IS SO ORDERED.**

Dated: November 2, 2013

                                                       STEPHEN V. WILSON
                                                       United States District Judge